UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA MESINA, | § | No. SA:15–CV–054–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WALGREEN'S, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO DESIGNATE
RESPONSIBLE THRID PARTY

Before the Court is a Motion for Leave to Designate Responsible

Third Party filed by Defendant Walgreen Co. ("Defendant").  (Dkt. # 8.)  Pursuant

to Local Rule CV-7(h), the Court finds this matter suitable for disposition without

a hearing.  After reviewing the Motion, for the reasons that follow, the Court

**DENIES** Defendant's Motion for Leave to Designate Responsible Third Party.

(Dkt. # 8.)

BACKGROUND

Plaintiff Maria Mesina's ("Plaintiff") Original Complaint alleges that

on or about March 6, 2014, she was shopping at the Walgreen's store located at

1581 Austin Highway in San Antonio, Texas, when an unidentified African

American assailant entered the store and attempted to grab Plaintiff's purse.  (Dkt.

# 1-1 ¶ 7.)  Plaintiff states that she then fell to the ground clutching her purse, and

1

that the assailant proceeded to jump on top of her and strike her several times.

(Id.)  Plaintiff alleges that the contents of her purse spilled onto the floor, and that

the assailant grabbed $300.00 in cash and fled the store.  (Id.)

Plaintiff filed her Original Complaint in the 225th Judicial District

Court of Bexar County, Texas on December 12, 2014.  (Dkt. # 1-1.)  On

January 23, 2015, Defendant filed its Notice of Removal, invoking this Court's

diversity jurisdiction.  (Dkt. # 1.)  On January 26, 2015, Defendant filed an

Original Answer.  (Dkt. # 2.)  On April 27, 2015, Defendant filed the instant

Motion for Leave to Designate Responsible Third Party, seeking to leave to

designate the unknown "John Doe" assailant as a responsible third party in this

action.  (Dkt. # 8.)  On the same day, Defendant filed an Amended Answer.  (Dkt.

# 7.)  Plaintiff did not file a response to Defendant's Motion.

## DISCUSSION

Defendant seeks leave to designate the unknown John Doe assailant as

a responsible third party in this action.  (Dkt. # 8 at 1.)  Texas Civil Practice and

Remedies Code § 33.004 is part of the proportionate responsibility statute that

governs the allocation of responsibility in tort cases under Texas law.  See Tex.

Civ. Prac. & Rem. Code §§ 33.001–33.004.  The statute permits a trier of fact,

when apportioning liability, to consider the relative fault of the defendants as

compared to other responsible third parties that are not party to the suit.[1]  See Tex.

Civ. Prac. & Rem. Code § 33.003(a); JCW Electronics, Inc. v. Garza, 257 S.W.3d

701, 702 (Tex. 2008).  A person designated as a responsible third party faces no

liability based on a finding of fault; the sole purpose of designation is to properly

assess the liability of the plaintiffs and defendants.  See Tex. Civ. Prac. & Rem.

Code § 33.004(i).

Section 33.011(6) defines a responsible third party as:

> [A]ny person who is alleged to have caused or contributed to causing
> in any way the harm for which recovery of damages is sought,
> whether by negligent act or omission, by any defective or
> unreasonably dangerous product, by other conduct or activity that
> violates an applicable legal standard, or by any combination of these.

Tex. Civ. Prac. & Rem. Code § 33.011(6).  If, within sixty days of filing the

defendant's original answer, the defendant alleges in an answer filed with the court

---

[1] Because a finding of fault against a person designated as a responsible third party
does not impose liability on that person and cannot be used in any other proceeding
as a basis to impose liability, the statute is not a joinder statute and does not
conflict with any procedural mechanisms that would join a party to a suit in federal
court. E.g., Sulak v. Am. Eurocopter Corp., 901 F. Supp. 2d 834, 840–41 (N.D.
Tex. 2012) (distinguishing designation of responsible third parties under § 33.004,
which determines liability as "a substantive question based on the facts the
applicable law" from impleading a third-party defendant, which is a "pure
procedural inquiry" that mandates the application of federal procedural rules).
Accordingly, state law properly governs the designation of responsible third parties
in this diversity action. E.g., Withers v. Schneider, 13 F. Supp. 3d 686, 688 (E.D.
Tex. 2014) (holding that "§ 33.004 exists to allow proper allocation of fault among
both the named defendants and those persons designated as responsible third
parties, rather than to govern the procedures by which third-parties may be brought
into the case as Rule 14 does").

that an unknown person committed a criminal act that was a cause of the loss or

injury that is the subject of the lawsuit, the court must grant the defendant's motion

for leave to designate that individual as a responsible third party if:

> (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;
>
> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
>
> (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

Id. § 33.004(j). Section 33.004(j) sets forth the "sole avenue for designating

unknown third parties." Estate of Figueroa v. Williams, No. V-05-56, 2007 WL

2127168, at *2 (S.D. Tex. July 23, 2007); see also In re Unitec Elevator Servs. Co.,

178 S.W.3d 53, 61 (Tex. App. 2005). The designation of an unknown third party

must satisfy the enumerated requirements of § 33.004(j) even absent an objection.

Fisher v. Halliburton, Nos. H-05-1731, H-06-1168, H-061971, 2009 WL 1098457,

at *5 (S.D. Tex. Apr. 23, 2009).

   Defendant argues that it has met each of the requirements of

§ 33.004(j), and that the Court must consequently grant its Motion to designate the

unknown John Doe as a responsible third party. (Dkt. # 8 at 2.) However, the

Court notes that Defendant's Motion relies on information included in its Amended

Answer, which was filed more than sixty days after its Original Answer. Although

4

Defendant admitted in its Original Answer that an unknown assailant approached Plaintiff and took money from her purse, its allegation that John Doe committed a criminal act that was the cause of Plaintiff's injury is included only in Defendant's Amended Answer.  Furthermore, Defendant's Original Answer contains no description of John Doe; again, that information is included only in the Amended Answer.

As explained above, § 33.004(j) requires that the necessary information be pled in an answer filed with the court within sixty days after the defendant files its original answer.  In re Unitec, 178 S.W.3d at 61 ("[W]e find that the statute clearly and unambiguously requires a defendant seeking to designate an unknown person as a responsible third party, based on the person's commission of criminal acts causing the loss or injury that is the subject of the lawsuit, to file an answer containing such allegations no later than sixty days from filing its original answer.").  Defendant filed its Original Answer on January 26, 2015.  (Dkt. # 2.)  Thus, Defendant was required to file an answer containing the requisite allegations by March 27, 2015.  Defendant filed its Amended Answer on April 27, 2015.  (Dkt. # 7.)  Because Defendant failed to file an answer containing the requisite allegations within sixty days after filing its Original Answer, the Court finds that Defendant is precluded from designating John Doe as a responsible third party.  See id. (finding that defendants were precluded from designating unknown vandals

5

as responsible third parties because they did not file an answer containing the required allegations until well after sixty days after filing their original answer).

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion for Leave to Designate Responsible Third Party.  (Dkt. # 8.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, May 7, 2015.

_____
David Alan Ezra
Senior United States Distict Judge