UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA MESINA, | § | No. SA:15–CV–054–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WALGREEN'S, | § | |
| | § | |
| Defendant. | § | |

ORDER (1) CANCELING MOTION HEARING AND (2) GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Defendant Walgreen Co., incorrectly sued as Walgreen's ("Defendant"). (Dkt. # 10.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. The Court hereby **CANCELS** the motion hearing currently set on this matter for Monday, October 26, 2015 at 2:15 PM in Courtroom 5 of the John H. Wood, Jr. United States Courthouse, 655 East Cesar E. Chavez Boulevard, San Antonio, Texas. After reviewing the Motion, for the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 10). However, the Court **DENIES** Defendant's request for attorneys' fees.

BACKGROUND

Plaintiff Maria Mesina's ("Plaintiff") Original Complaint alleges that on or about March 6, 2014, she was shopping at the Walgreens store located at 1581 Austin Highway in San Antonio, Texas, when an unidentified African American assailant entered the store and attempted to grab Plaintiff's purse. (Dkt. # 1-1 ¶ 7.) Plaintiff states that she then fell to the ground clutching her purse, and that the assailant proceeded to jump on top of her and strike her several times. (Id.) Plaintiff alleges that the contents of her purse spilled onto the floor, and that the assailant grabbed $300.00 in cash and fled the store. (Id.) Defendant reports that police have been unable to locate the assailant.

Defendant's security footage shows that the assailant first entered the store at 9:43:36 PM (Dkt. # 10, Ex. B at 21:43:36) and exited at 9:45:37 PM (id. at 21:45:37). The assailant re-entered the store at 9:45:47 PM. (Id. at 21:45:47.) The assailant and Plaintiff enter the frame of the security camera at 9:46:02 PM. (Id. at 21:46:02.) The footage shows the assailant dragging Plaintiff along as he attempts to wrest her purse away from her. The footage further shows the assailant striking Plaintiff several times before exiting the store at 9:46:11 PM. (Id. at 21:46:02–21:46:11.)

Plaintiff filed her Original Complaint in the 225th Judicial District Court of Bexar County, Texas on December 12, 2014, asserting negligence causes

of action.  (Dkt. # 1-1.)  On January 23, 2015, Defendant filed its Notice of Removal, invoking this Court's diversity jurisdiction.  (Dkt. # 1.)  On April 27, 2015, Defendant filed a Motion for Leave to Designate Responsible Third Party, seeking to leave to designate the unknown assailant as a responsible third party in this action.  (Dkt. # 8.)  On May 7, 2015, the Court denied Defendant's Motion on the grounds that Defendant failed to comply with the statutory requirements for designating unknown third parties under Texas law.  (Dkt. # 9.)  On August 10, 2015, Defendant filed the instant Motion for Summary Judgment.  (Dkt. # 10.)  Plaintiff did not file a Response.

## LEGAL STANDARD

Summary judgment is proper where the evidence demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Cannata v. Catholic Diocese of Austin, 700 F.3d 169, 172 (5th Cir. 2012).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.  Davis v. Fort Bend Cnty., 765 F.3d 480, 484 (5th Cir. 2014) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with specific facts that establish the existence of a genuine issue for trial.  ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc., 699 F.3d 832, 839 (5th Cir. 2012).

The court evaluates the proffered evidence in the light most favorable to the nonmoving party. Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003). The court "examines the pleadings, affidavits, and other evidence introduced in the motion, resolves any factual doubts in favor of the non-movant, and determines whether a triable issue of fact exists." Leghart v. Hauk, 25 F. Supp. 2d 748, 751 (W.D. Tex. 1998). However, "[u]nsubstantied assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003).

## DISCUSSION

Defendant argues that summary judgment should be granted because there is no genuine issue of material fact as to the foreseeability of the criminal act in question, and foreseeability is a necessary element of Plaintiff's negligence causes of action. (Dkt. # 10 at 2.) To sustain a negligence action under Texas law, "the plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach." Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001) (citing Praesel v. Johnson, 967 S.W.2d 391, 394 (Tex. 1998)).

As a general matter, citizens do not have a duty to protect others from third-party criminal acts. Trammell Crow Cent. Tex., Ltd. v. Gutierrez, 267

4

S.W.3d 9, 12 (Tex. 2008). "However, one who controls the premises does have a duty to use ordinary care to protect invitees from criminal acts if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." Id. (quoting Lefmark Mgmt. Co. v. Old, 946 S.W.2d 52, 53 (Tex. 1997)). "Foreseeability is established through evidence of specific previous crimes on or near the premises." Id. (quoting Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex. 1998)).

In analyzing foreseeability, Texas courts normally look to the foreseeability of general risk—i.e., whether the owner of the premises had or should have had knowledge of previous criminal incidents. In 2010, however, the Texas Supreme Court recognized that this general standard is inapplicable to situations in which a premises owner should have been aware of a specific risk—i.e., whether the owner should have reasonably anticipated criminal activity at some particular time. Del Lago Partners v. Smith, 307 S.W.3d 762, 768–69 (Tex. 2010). Defendant argues that under both the specific and general risk standards, the criminal act at issue was unforeseeable.

I.   General Risk: Timberwalk Test

With respect to general risk, Texas courts weigh evidence of prior crimes using the following five factors known as the "Timberwalk factors": "proximity, publicity, recency, frequency, and similarity." Trammell, 267 S.W.3d

at 15 (citing Timberwalk, 972 S.W.2d at 759). "The occurrence of a significant number of crimes within a short period of time strengthens the claim that the particular crime at issue was foreseeable; the occurrence of a few crimes over an extended period negates foreseeability." Mayers v. Willowbrooke Plaza Ltd. P'ship, 278 S.W.3d 901, 918 (Tex. App. 2009) (citing Timberwalk, 972 S.W.2d at 758). Courts consider the evidence in light of what the premises owner knew or should have known at the time of the criminal act in question. Timberwalk, 972 S.W.2d at 757. In this case, Defendant has submitted evidence in the form of an affidavit from its liability examiner, Raymond Wetzel, stating that there have been no other reported incidents of assault or theft involving customers at the Walgreens location on Austin Highway in the past five years. ("Wetzel Aff.," Dkt. # 10, Ex. A ¶ 4.)

Texas courts applying the Timberwalk factors have found that a lack of similar crime within a few years prior to the incident in question indicates a lack of foreseeability. For example, in Trammell Crow Central Texas, Ltd. v. Gutierrez, the decedent was shot and killed during a botched robbery at the Quarry Market shopping center. 267 S.W.3d at 11. The Texas Supreme Court found that ten violent crimes over a 23-month span prior to the robbery/murder were not sufficiently frequent and similar so as render the robbery/murder foreseeable. Id. at 15–17. Similarly, in Mayer v. Willowbrook Plaza Ltd. Partnership, two patrons

were shot and killed after a confrontation in the parking lot of the Willowbrook Plaza shopping center sometime after 2:00 AM on the morning of the incident. 278 S.W.3d at 906–07.  The Texas Court of Appeals found that five non-violent crimes occurring after 2:00 AM and two violent crimes occurring before 2:00 AM in the 16 months before the decedents' deaths did not make the murders at issue foreseeable.  Id. at 922.  Finally, in Texas Real Estate Holdings, Inc. v. Quach, a woman was shot in the face during a carjacking in the parking lot of her apartment complex, resulting in permanent neurological damage.  95 S.W.3d 395, 396–97.  The Texas Court of Appeals found that because there were no other incidents of stranger-initiated violent crime on the apartment complex premises in the two years prior to the carjacking, the carjacking was not foreseeable to the property owner and manager.  Id. at 400–01.  In light of this precedent, the Court finds that Plaintiff's assault was not reasonably foreseeable to Defendant under the Timberwalk factors.

II.     Specific Risk: Del Lago Test

With respect to specific risk, courts examine whether a property owner "should reasonably anticipate criminal conduct on the part of third persons" based on location, mode of doing business, observation, or past experience.[1]  Del

---

[1] The Court is not convinced that the Del Lago test applies to this case, see Del Lago, 307 S.W.3d at 768, but undertakes the following analysis out of an abundance of caution.

Lago, 307 S.W.3d at 769.  In other words, where events immediately preceding the criminal conduct render such conduct reasonably foreseeable, a property owner has a duty to take precautions against it.  See id.  In this case, less than three minutes passed between the time the assailant first entered the store and when he exited after the assault on Plaintiff.  (See Dkt. # 10, Ex. B at 21:43:36–21:46:11.)  For a portion of this time, including the assailant's first trip into the store between 9:43:36 PM and 9:45:37 PM and the beginning of the assault, the assailant is outside of the frame of the security footage provided by Defendant.

However, even if the assailant had been acting in an aggressive manner or indicated that an assault was or may have been imminent, the Court finds that Defendant still had no duty to take precautions against a potential assault because of the extremely short timeframe between the assailant's first entrance and his final exit from the store.  In Del Lago, the court found that a duty to use reasonable care arose where two groups of intoxicated patrons at a bar were involved in "heated altercations" for 90 minutes preceding the fight that resulted in the respondent's injuries.  307 S.W.3d at 768.  Furthermore, the Del Lago court held that a duty arose in part because "the risk arose in circumstances where the property owner had readily available opportunities to reduce it."  Id. at 770.  The same cannot be said for this case.  Even if the assailant had announced an intent to commit an assault at some point during the three minutes in question, the short

8

timeframe meant that Defendant had no meaningful opportunity to reduce the risk to Plaintiff.

In sum, because Defendant did not have a duty to protect Plaintiff from the assailant's criminal act, Plaintiff's negligence claims must fail and Defendant is entitled to summary judgment.

III.    Attorneys' Fees

Finally, Defendant asks the Court to order Plaintiff and Plaintiff's counsel to pay Defendant's reasonable expenses, costs, and attorneys' fees incurred in making the instant Motion.  (Dkt. # 10 at 8.)  "Attorneys' fees are recoverable from an opposing party only as authorized by statute or by contract between parties."  Brainard v. Trinity Universal Ins. Co., 216 S.W.3d 809, 817 (Tex. 2006).  Here, there was no contract between the parties, and no Texas statute authorizes an award of attorneys' fees in a negligence cause of action.  Gulf States Utilities Co. v. Low, 79 S.W.3d 561, 568 (Tex. 2002); Prudential Ins. Co. v. Durante, 443 S.W.3d 499, 513 (Tex. App. 2014).  The Court therefore declines to award attorneys' fees to Defendant.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 10).  The Court further **DENIES**

Defendant's request for attorneys' fees.  The motion hearing currently set for Monday, October 26, 2015 is hereby **CANCELED.**

    **IT IS SO ORDERED.**

    **DATED:** San Antonio, Texas, October 21, 2015.

                                  David Alan Ezra
                                  Senior United States Distict Judge